UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC D. SALES,

          Plaintiff,

v.                                                        Case No. 23-cv-397-pp

CLYDE JOHNSON,

          Defendant.

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Eric D. Sales, who is at the Felmers O. Chaney Correctional Center and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendant used excessive force in violation of the Eighth Amendment. The plaintiff paid the full $402 civil filing fee. This decision screens his complaint. Dkt. No. 1.

**I.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The complaint names as defendant correctional officer Clyde Johnson at Racine Correctional Institution, where the plaintiff previously was incarcerated. Dkt. No. 1 at 1–2. The plaintiff alleges that at around 2:45 p.m. on May 9, 2021, he was using the bathroom in his cell when Johnson opened the cell door and told the plaintiff and his cellmate to come out. Id. at 2. The plaintiff

says he finished in the bathroom and flushed the toilet, but Johnson "said [he] was putting something down the toilet." Id. Johnson then came into the cell, elbowed the plaintiff in the neck, grabbed him by the sweatshirt and threw him against the wall. Id. at 2–3. The plaintiff says he bumped his head during the fracas, and the plaintiff's cellmate (who was sleeping) awoke to "Johnson attack[]ing" the plaintiff." Id. The plaintiff says he tried to pull his arm away from Johnson and asked, "why are you doing this to me?" Id. He claims Johnson had no reason to come into the cell without backup because neither the plaintiff nor his cellmate was in medical harm. Id.

The plaintiff says Johnson did not file any paperwork about the altercation. Id. He wrote to then-Deputy Warden Wells about the incident and asked him to review camera footage of what the plaintiff refers to as the "attack[]." Id. at 3–4. Wells told the plaintiff that "he would be looking into this matter." Id. The plaintiff then wrote to Security Director O'Neill and asked her how he could "go about pressing charges on" Johnson for the alleged attack. Id. O'Neill wrote back to the plaintiff and told him "this matter is being looked at very close." Id. The plaintiff says that "[t]his caused [him] to go to the hole which set [him] back with P.R.C. [good-time credits] lost [his] minimum custody which [he] would have been working a year and a half ago." Id. He says he has lost a year and a half of wages from the job he would have had. Id. The plaintiff says that the "false conduct report" didn't mention the attack or Johnson entering the cell. Id. The plaintiff says that the conduct report was dismissed and removed from his file on February 16, 2023. Id.

The plaintiff asserts that Johnson was "Negligent and Deliberately Indifferent to [his] health by using excess force which was all cruel and unusual punishment which violated [his] Constitutional Right." Id. at 2-3. The

plaintiff seeks compensatory and punitive damages against Johnson for his use of excessive force. Id. at 5. He also asks the court to take jurisdiction over his state law claims. Id. at 4.

    C.    <u>Analysis</u>

The court reviews the plaintiff's allegations against Johnson under the Eighth Amendment, which protects incarcerated persons from cruel and unusual punishments. See generally Wilson v. Seiter, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). An Eighth Amendment claim consists of an objective and subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a claim of excessive force, the plaintiff must show both that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" Hudson, 503 U.S. at 8 (quoting Wilson, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6 (citing Whitley, 475 U.S. at 320–21).

The plaintiff alleges that without warning, provocation or reason, Officer Johnson came into his cell, elbowed him in the neck and pushed him against a wall. He says Johnson wrongly believed the plaintiff had flushed something down his toilet, but the plaintiff was only finishing using the toilet for its intended use. He alleges that Johnson had no reason to use force or to come into the cell. The plaintiff does not specify what physical harm he suffered during the alleged attack, but he does say that he bumped his head. The court

can infer that the plaintiff may have suffered physical injury from the incident. The court finds that these allegations, taken as true at the screening stage, sufficiently state a claim of excessive force against Johnson. The court will allow the plaintiff to proceed on this Eighth Amendment claim.

The plaintiff also asks the court to exercise jurisdiction over any state law claims. The only state-law cause of action the plaintiff mentions is negligence; he asserts, without more, that Johnson was "negligent . . . to [his] health . . . ." Dkt. No. 1 at 2-3. That claim is not cognizable under the Eighth Amendment because negligence does not violate the Constitution. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Brown v. Peters, 940 F.3d 932, 937 (7th Cir. 2019). That said, Wisconsin law recognizes the common-law tort of negligence. See, *e.g.*, Nichols v. Progressive Northern Ins. Co., 308 Wis. 2d 17, 27-29 (Wis. 2008). Because it appears that the facts that would support a claim of negligence are the same as the facts that give rise to his Eighth Amendment claim, the court will exercise supplemental jurisdiction over the plaintiff's state law negligence claim. See 28 U.S.C. §1367(a).

The plaintiff notes that he lost good-time credit and the opportunity to work a prison job because of the false conduct report filed against him based on Johnson's attack. These allegations could suggest a claim under the Due Process Clause of the Fourteenth Amendment. But it is not clear whether the plaintiff wants to proceed on this claim and, if he does, against whom. He says he spoke with Deputy Warden Wells and Security Director O'Neill about the incident, but he does not name them as defendants. Nor does he allege that either official was responsible for filing the conduct report against him.

Regardless, these allegations in the complaint would not state a claim for a Fourteenth Amendment due process violation. The plaintiff has no

Fourteenth Amendment property or liberty interest in a prison job, so the inability to obtain a prison job because of the conduct report does not state a due process claim. See Olson v. Humphreys, No. 07-C-682, 2007 WL 2570231, at *4 (E.D. Wis. Aug. 30, 2007) (citing Harris v. Fleming, 839 F.2d 1232, 1237 n.5 (7th Cir. 1988); and Garza v. Miller, 688 F.2d 480, 485-86 (7th Cir. 1982)). Nor does the plaintiff have a due process right not to be charged with or convicted of a prison disciplinary offense, Wolff v. McDonnell, 418 U.S. 539, 564–71 (1974), or to remain free from disciplinary segregation (the plaintiff's claim that he was sent to "the hole"), Sandin v. Conner, 515 U.S. 472, 484 (1995). He may challenge the *process* (or lack of process) afforded him before and during a disciplinary hearing, Wolff, 418 U.S. at 563–66, but the complaint does not indicate whether the plaintiff had a hearing; if he did, it does not allege that he was denied proper process before or during it.

To the extent that the plaintiff wishes to proceed on a claim related to his conduct report or disciplinary conviction, the complaint does not state a viable claim under the Due Process Clause of the Fourteenth Amendment.

## II. Conclusion

The court **ORDERS** that, under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Clyde Johnson at Racine Correctional Institution. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities or who are no longer incarcerated must submit the original document for each filing to the court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 8th day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**