UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC D. SALES,

        Plaintiff,

v.                                      Case No. 23-cv-397-pp

CLYDE JOHNSON,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 11), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 12) AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER (DKT. NO. 13)**

Plaintiff Eric D. Sales is proceeding on Eighth Amendment and state-law claims under 42 U.S.C. §1983. There are three motions pending: two from the plaintiff and one from the defendant. Dkt. Nos. 11–13.

**I.    Plaintiff's Motion to Appoint Counsel (Dkt. No. 11)**

The plaintiff asks the court to "appoint him a lawyer because he is incarcerated." Dkt. No. 11 at ¶3. He says that "he is a layman in the areas of law," his case is "overly complex" and "he is unable to present and articulate the facts of the matters pending without recruitment of counsel." Id. at ¶10. He says he contacted at least three attorneys or firms to obtain counsel on his own, but they either declined or did not respond. Id. at ¶6. He attached letters from Quarles & Brady and the University of Wisconsin Law School, both of which declined to take his case. Dkt. No. 11-1. The plaintiff says he inarticulately conveyed "his current situation" to those legal offices, but he says that is because of "his lack of legal expertise." Dkt. No. 11 at ¶8.

1

The plaintiff's motion includes, verbatim, two paragraphs from the legal standard that appears below. See id. at ¶¶3–5, 7, 9. This suggests that the plaintiff copied this language from a previous order issued by a court in the Eastern District of Wisconsin but did not identify the case from which that order came. Copying language without attributing it to its source is called "plagiarizing;" plagiarizing is an ethical violation and is prohibited in legal documents and pleadings. The court advises the plaintiff that he must provide a citation for *all* language that he takes from another source—whether it is from this court or a court in another jurisdiction or a non-court source—even if the language he quotes is an accurate statement of the law.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first element, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that

must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This

includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first Pruitt inquiry. He says he contacted at least three attorneys or firms and sought their help, and he attached responses from two that declined to take his case. Neither letter comments on the merits of the plaintiff's case, and the plaintiff did not include copies of the letters that he sent to the firms asking them to represent him. He admits, however, that he was not able to articulate his need for counsel, which he says should weigh in favor of the court granting his motion. The court finds that the plaintiff's efforts are sufficient to show he attempted to obtain a lawyer on his own before asking for the court's assistance.

But the plaintiff has not satisfied the second Pruitt inquiry. The plaintiff asks the court to recruit him an attorney because he is incarcerated and because he does not believe he can litigate this lawsuit on his own. The court is aware of the difficulty incarcerated persons face litigating cases on their own. But as the court noted above, the Constitution does not entitle the plaintiff to an attorney to represent him in this civil case, and there are not enough attorneys willing and able to represent all plaintiffs who want, but cannot afford, one. The fact that the plaintiff is on his own in a state facility with

4
Case 2:23-cv-00397-PP   Filed 11/30/23   Page 4 of 10   Document 17

scarce legal resources unfortunately is a situation that the court sees very often. But these issues are not sufficient to justify the court recruiting counsel.

Nor has the plaintiff demonstrated that he is one of those indigent litigants most in need of an attorney to litigate this case effectively. The plaintiff asks for counsel because he has no legal training, his case is complex and he cannot articulate his case without counsel's assistance. But his pleadings to date, including the motions discussed in this order, suggest the opposite. The plaintiff has shown an ability to file detailed motions, recount the correct legal standard and explain why he believes he is entitled to the relief he seeks. His motions suggest that he is more sophisticated that the average self-represented incarcerated litigant and at this stage, he does not need professional assistance to litigate. Nor does the court view the case as complex. The plaintiff sues only one defendant for allegedly excessive harm that occurred on one occasion in May 2021. The complaint does not raise complex medical or technical issues that may require expert testimony. The complaint shows that the plaintiff has a strong recollection of the events, and he has had no difficulty articulating his version of what happened. At this stage of the litigation, that is enough.

The court will be flexible in giving the plaintiff reasonable additional time that he requests to litigate. As the case progresses, the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, and if additional time does not resolve the issue, it may be appropriate for the court to recruit counsel to represent the plaintiff. But at this stage of the case, the court finds that the plaintiff has not demonstrated that he requires the assistance of counsel.

The court will deny the plaintiff's motion to appoint counsel without prejudice. That means that he may renew his request for assistance later in this case, if necessary.

## II. Plaintiff's Motion to Strike (Dkt. No. 12) and Defendant's Motion for Leave to File an Amended Answer (Dkt. No. 13)

When the plaintiff filed the complaint, he wrote that he was incarcerated at the John Burke Correctional Center in Waupun, Wisconsin. Dkt. No. 1 at 1, 6. In its August 8, 2023 screening order, the court ordered defendant Clyde Johnson to file a responsive pleading within sixty days. Dkt. No. 6.

On September 28, 2023, the court received the defendant's timely answer. Dkt. No. 9. The answer "denies and alleges that Plaintiff is currently incarcerated at the Felmers O. Chaney Correctional Center in Milwaukee, WI." Id. at ¶A.1. The answer also lists five affirmative defenses. Id. at 3.

On October 20, 2023, the court received the plaintiff's motion to strike the defendant's answer. Dkt. No. 12. The plaintiff cites various cases for the proposition that he "may challenge a legally insufficient affirmative defense" through "a motion to strike the defense under Rule 12(f)." Id. at ¶1. He cites other cases that he says provide the grounds on which he may file a motion to strike an affirmative defense that the defendant pleads in the answer. Id. at ¶¶2–3. He then says that he "denies each allegation contained in Paragraph A, Sub. 1, of Defendant's answer, in that he is indeed currently incarcerated at FCCC." Id. at ¶4. The plaintiff also denies the allegations in "Paragraph B, Subs. 1 through 15, of Defendant's answer, except such as specifically admit allegations contained within Plaintiff's complaint." Id. The plaintiff asks the court to enter judgment as requested in his complaint and to strike the defendant's answer "because any affirmative defense fails in that it is

insufficient on its face, comprises no more than bare conclusory allegations, and consists of unsupported legal conclusions." Id. at 2.

The defendant did not respond to the plaintiff's motion, instead filing a motion for leave to file an amended answer, a brief in support and an amended answer. Dkt. Nos. 13–15. The defendant seeks to amend his answer to add additional affirmative defenses to the plaintiff's state-law claim under Federal Rule of Civil Procedure 15(a)(2). Dkt. Nos. 13, 14. The defendant asserts that the plaintiff will not be prejudiced by allowing this amendment because he seeks to amend only a month after filing the initial answer. Dkt. No. 14 at 3. He also notes that the parties have not yet started conducting discovery, and the deadline to conduct discovery "is still months away." Id. He cites "Rule 15's direction that leave to amend be 'freely given when justice so requires.'" Id. (quoting Fed. R. Civ. P. 15(a)(2)).

Federal Rule of Civil Procedure 8(c) requires that a party filing a responsive pleading "affirmatively state" in that pleading "any avoidance or affirmative defense." Fed. R. Civ. P. 8(c); see Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."). Rule 8(c) provides a non-exhaustive list of affirmative defenses and requires parties to "affirmatively state" all affirmative defenses in a responsive pleading. The Seventh Circuit has stated that "a defense not listed in Rule 8(c) is an affirmative defense that must be pleaded if the defendant bears the burden of proof on the issue under state law or if the defense does not controvert the plaintiff's proof." Reed v. Columbia St. Mary's Hosp., 915 F.3d 473, 478 (7th Cir. 2019). Because affirmative defenses are pleadings, they must comply with the general pleading requirement of Fed. R. Civ. P. 8(a), which requires "a short and plain statement" of the defense that

gives the other party fair notice of the nature of the defense. Rule 8 further requires that "[e]ach allegation must be simple, concise, and direct" but "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1).

Rule 12(f) provides that the court may, on its own or on motion by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike an affirmative defense generally are disfavored because they often only delay, rather than expedite, the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). District courts have discretion in deciding motions to strike. See Zuppardi v. Wal-Mart Stores, Inc., 770 F.3d 644, 647 (7th Cir. 2014).

The plaintiff asserts that the affirmative defenses listed in the defendant's answer are insufficient, conclusory and unsupported. But this assertion itself is insufficient, conclusory and unsupported. The plaintiff does not explain *which* affirmative defenses are insufficient, why he believes them to be unsupported or which defenses he wishes to challenge as conclusory. Even if the plaintiff had specified which affirmative defenses he wishes to challenge, the court finds that the affirmative defenses listed in the answer are not redundant, immaterial, impertinent or scandalous. The defendant, a state employee, is entitled to assert that he is entitled to qualified immunity and otherwise to defend against the plaintiff's allegations that he caused the plaintiff's injuries. The plaintiff may address the merits of any affirmative defense that the defendant later raises through his response to any summary judgment motion or at trial (if the case gets that far). The court will deny the plaintiff's motion to strike portions of the defendant's answer.

As for the issue of where the plaintiff currently is incarcerated, the answer is correct. Paragraph A(1.) of the complaint states that the plaintiff was located at the John Burke Correctional Center in Waupun when he filed it. Dkt. No. 1 at 1. Paragraph A(1.) of the answer states that the defendant "DENIES and ALLEGES" that the plaintiff is incarcerated at the Felmers O. Chaney Correctional Center in Milwaukee. Dkt. No. 9 at 1. The defendant appears to have been denying that the plaintiff was at John Burke and alleging that he was at Felmers O. Chaney. The plaintiff appears to have read the answer as denying that he is at Felmers O. Chaney. The Wisconsin Department of Corrections locator website shows that on July 6, 2023—about three and a half months after he filed the complaint—the plaintiff was transferred from John Burke to Felmers O. Chaney. https://appsdoc.wi.gov/lop/details/detail (D.O.C. #00529483). But the plaintiff never has notified the *court* of his change of address. It is the plaintiff's responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing his case without further notice. That said, the answer correctly identified the location where the plaintiff is confined, and the court's docket now shows the correct institution.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Because the original answer was filed on September 28, 2023, the deadline for the defendant to amend his answer without leave of court expired on October 19, 2023. The defendant did not amend his answer by October 19, so he may amend "only with the opposing party's written consent or the court's

leave." Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." Id.

The defendant's motion states that he seeks to add affirmative defenses to the plaintiff's state-law claim. His amended answer is otherwise identical to the original. The defendant notes that although he did not file this motion within the twenty-one-day time limit set by Rule 15(a), he filed it only a month after his initial answer. He also notes that the parties have not yet begun discovery, and the deadline for them to complete discovery is several months away (February 29, 2024). The court finds that granting the motion and allowing the defendant to amend his answer will not prejudice the plaintiff and is in the interests of justice. The court will grant the motion. The amended answer (Dkt. No. 15) will be the operative responsive pleading going forward.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 11.

The court **DENIES** the plaintiff's motion to strike portions of the defendant's answer. Dkt. No. 12.

The court **GRANTS** the defendant's motion for leave to file an amended answer. Dkt. No. 13. The court **ORDERS** that the defendant's amended answer (Dkt. No. 15) is the operative responsive pleading.

Dated in Milwaukee, Wisconsin this 30th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**