UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC D. SALES,

           Plaintiff,

v.                                                         Case No. 23-cv-397-pp

CLYDE JOHNSON,

           Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 18) AND GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE (DKT. NO. 19)**

      Plaintiff Eric D. Sales is proceeding on an Eighth Amendment claim of excessive force under 42 U.S.C. §1983 and a state-law claim of negligence against a correctional officer. On February 8, 2024, the court received the plaintiff's motion to amend his complaint. Dkt. No. 18. The plaintiff asks to add Deputy Warden Wells as a party. Id. at 1. He alleges that Wells violated his right to due process by delaying his appeal of a contested hearing related to the conduct report he received after defendant Johnson allegedly attacked him in May 2021. Id. He says that his first appeal "somehow got missed placed [*sic*]," which eventually led to him receiving 120 days in restricted housing "for a violation [he] did not do." Id. at 1–2. He alleges that "[t]he totality of the excessive force and due process violation caused [his] prison custody level to elevate from Low to High for a year and a half." Id. at 2. He says this affected his ability to seek work release, caused "loss of compensation" and inflicted "emotional stress." Id. He seeks $1 million in compensatory and punitive

1

damages and $500,000 in lost wages. Id. The defendant has not responded to the plaintiff's motion.

In the screening order, the court recounted that the plaintiff had alleged "that he lost good-time credit and the opportunity to work a prison job because of the false conduct report filed against him based on Johnson's attack." Dkt. No. 6 at 5. The court observed that "[t]hese allegations could suggest a claim under the Due Process Clause of the Fourteenth Amendment." Id. The court did not allow the plaintiff to proceed on that claim because his complaint did not make clear "whether the plaintiff wants to proceed on this claim and, if he does, against whom." Id. Nor had the plaintiff alleged who "was responsible for filing the conduct report against him." Id.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Because the plaintiff did not ask to amend his complaint within that timeframe, he may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." Id.

The plaintiff's motion includes what could be a full, stand-alone amended complaint against Deputy Warden Wells for the due process violation that the court first noted in the screening order. The motion includes significantly more detail than the original complaint, which the court found lacked sufficient information to state a due process claim. The problem is that the plaintiff's

motion does not restate his allegations from his complaint against defendant Johnson. It operates as an amended complaint against *only* Wells. The court does not accept piecemeal filings—a new defendant here, a new claim there—bit by bit in different pleadings. See Civil L. R. 15(a); Markovic v. Milwaukee Secure Det. Facility, Case No. 19-CV-675-JPS, 2019 WL 6729198, at *1 (E.D. Wis. Dec. 11, 2019); Jenkins v. City of Kenosha, Case No. 17-CV-1779-JPS, 2018 WL 2727904, at *3 (E.D. Wis. June 6, 2018). An amended complaint must be complete by itself because it "supersedes all previous complaints and controls the case from that point forward." Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) (citing Carver v. Condie, 169 F.3d 469, 472 (7th Cir. 1999)). That means the plaintiff must reallege any facts or claims from his original complaint in an amended complaint; he may not refer to or rely on his previous complaint. If he does not reallege those facts or claims, the court considers the plaintiff to have abandoned them and will allow him to proceed only on the facts and claims alleged in the amended complaint.

The court suspects that the plaintiff does not want to abandon his claims against Johnson, but that is what would happen if the court were to construe his motion to amend his complaint as an amended complaint and allow him to proceed on the allegations in that amended complaint. To avoid that likely undesired outcome, the court will deny without prejudice the plaintiff's motion to amend his complaint. That means he still may file an amended complaint that contains *all* the allegations that he wishes to bring against *all* the defendants he wishes to sue. The court will screen any amended complaint

that the plaintiff files to determine whether its allegations state proper claims that may proceed under §1983. If the plaintiff does not file an amended complaint, the case will proceed based on the plaintiff's original complaint against defendant Johnson only. The court will set a deadline below by which the plaintiff must file his amended complaint.

The court will include with this order a copy of this district's amended complaint form. If the plaintiff files an amended complaint, he must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring. He also must describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

The court also received the plaintiff's motion to extend the parties' discovery deadline. Dkt. No. 19. The plaintiff says he was receiving assistance with discovery from another incarcerated person because he works every day except Sunday. Id. He notes that he has limited access to the law library and needs additional time to request "relevant discovery such as the video footage of the incident[,] more interrogatories and admissions." Id. He says he will "waive the time for defendants to respond, as long as it's an [*sic*] respectful

4

Case 2:23-cv-00397-PP    Filed 03/11/24    Page 4 of 6    Document 20

time." Id. He notes that if the court grants his motion to amend to include Deputy Warden Wells, he will need additional time to "ask for Discovery as to this defendant also." Id. The defendant did not respond to this motion.

The deadline for completing discovery elapsed on February 29, 2024. Dkt. No. 10. But the court received the plaintiff's motion to extend the deadline on February 8, 2024. Because it is unopposed, the court will grant the plaintiff's motion and extend the parties' time to conduct discovery and to file dispositive motions, which is currently April 1, 2024. Id. The court reminds the plaintiff that he must serve his discovery requests at least ***sixty days*** before the deadline to give the defendant sufficient time to respond. Id. at ¶1.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to amend his complaint. Dkt. No. 18.

The court **ORDERS** that if the plaintiff chooses to file an amended complaint, he must do so in order for the court to *receive it* by the end of the day on **April 12, 2024**. If the court does not receive an amended complaint by the end of the day on April 12, 2024, the case will proceed on the plaintiff's original complaint against defendant Johnson only.

The court **GRANTS** the plaintiff's motion to extend the discovery deadline. The court **ORDERS** that the deadline for the parties to conduct discovery is **EXTENDED** to the end of the day on **June 14, 2024**. That means the parties must serve their discovery requests by a date sufficiently early so that discovery is completed no later than June 14, 2024.

The court **ORDERS** that the deadline for the parties to file dispositive motions is **EXTENDED** to the end of the day on **July 19, 2024**.

Dated in Milwaukee, Wisconsin this 11th day of March, 2024.

        **BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**