UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC D. SALES,

                Plaintiff,

v.                                                           Case No. 23-cv-397-pp

CLYDE JOHNSON, *et al*,

                Defendants.

---

**ORDER DIRECTING DEFENDANTS TO RESEND SUMMARY JUDGMENT MOTION AND MATERIALS TO PLAINTIFF AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 37)**

---

On August 13, 2024, the defendants filed their motion for summary judgment and supporting materials. Dkt. Nos. 29–34. On August 16, 2024, the court ordered the plaintiff to respond to the defendants' motion by the end of the day on September 12, 2024. Dkt. No. 36. The plaintiff did not respond by that deadline and the order the court sent to him was not returned to the court as undeliverable.

But two months later, on October 16, 2024, the court received a notice from the plaintiff that he was again incarcerated at the Milwaukee Secure Detention Facility (MSDF) and asking the court to appoint him counsel. Dkt. No. 37. This notice does not say anything about the defendants' motion for summary judgment and does not ask for additional time to respond to that motion. Id. The plaintiff instead says that he is "able to responde [*sic*] to [his] case with help." Id.

It is not clear whether the plaintiff received the defendants' motion for summary judgment or the court's order directing him to respond to that motion. The defendants and the court sent those materials to the plaintiff at 1810 N. 12th Street in Milwaukee—an address the court's staff located on CCAP (the Wisconsin courts' case search website)—because the plaintiff had been released onto extended supervision on May 7, 2024. https://appsdoc.wi.gov/lop/home/home (DOC #529483). The plaintiff did not notify the court that he had been released from custody or provide an updated address, despite the court twice instructing him that it was "his responsibility to promptly notify the court if he is released from custody or transferred to a different institution." Dkt. No. 6 at 7; Dkt. No. 10 at ¶4. The court cannot be sure that the plaintiff was residing at 1810 N. 12th Street or that he received the defendants' motion or the court's order.

Given that, the court will not yet consider the defendants' motion as unopposed or rule on it without the plaintiff's input. The court will order the defendants to resend their summary judgment motion and all supporting materials to the plaintiff at MSDF. The defendants must notify the court when they have sent the plaintiff those materials. They may do so by filing a certificate of service with the court. The plaintiff will have **forty-five days** from the date of mailing to respond to the defendants' motion for summary judgment. After the defendants notify the court that they have mailed the materials to the plaintiff at MSDF, the court will issue an order with this new deadline.

The plaintiff must respond to each of the defendants' proposed findings of fact (Dkt. No. 31) in numbered paragraphs, either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact. If the plaintiff does not either agree or disagree with a proposed fact, the court will assume that he agrees with that proposed fact. The plaintiff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. The plaintiff also must respond to the legal arguments in the defendants' brief (Dkt. No. 30) by explaining why he disagrees with those arguments.

If the court has not received the plaintiff's written response in opposition to the defendants' summary judgment motion by the forty-five-day deadline, the court has the authority to treat the defendants' motion as unopposed, accept all facts the defendants assert as undisputed and decide the motion based only on the arguments in the defendants' brief, without any input from the plaintiff. That means the court likely will grant the defendants' motion and dismiss the case.

The court also will deny the plaintiff's request to appoint counsel. Dkt. No. 37. In a civil case, the court has the discretion to recruit counsel for individuals

---

[1] At the bottom of his declaration the plaintiff should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). The plaintiff's request does not satisfy either of these inquiries. He does not say whether he has made any effort to obtain an attorney on his own, and he provides no information explaining why he is unable to litigate his case without a lawyer. Unless the plaintiff can satisfy both of those elements, the court will not attempt to recruit him an attorney.

The court **ORDERS** that the defendants must mail their motion for summary judgment and supporting materials, dkt. nos. 29–34, to the plaintiff at MSDF. The court **ORDERS** the defendants to notify the court when they have mailed those documents. They may do so by filing a certificate of service with the court. Once the defendants have filed that notice, the court will issue an order setting the plaintiff's deadline to respond to the defendants' motion for summary judgment. Because the plaintiff previously failed to follow the court's orders and notify the court that he had been released from custody and provide his updated address, causing this delay, *the court will not further extend his deadline to respond to the defendants' summary judgment motion.*

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 37.

Dated in Milwaukee, Wisconsin this 31st day of October, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**